Anthony A. Patel (State Bar No. 204295)
763 Haverford Avenue
Pacific Palisades, California 90272
Telephone: (310) 709-4338
Facsimile: (310) 943-3829
tony@tonypatel.com

Attorney for Plaintiffs
BARTON PROPERTIES, INC.
STEPHEN SELINGER

FILED
NOV 14 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:             Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>RICHARD JAY BLASKEY,<br><br>Debtor. | Case No. 8:11-bk-21187-ES<br><br>Chapter 11 |
| BARTON PROPERTIES, INC., a California corporation, and STEPHEN SELINGER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>RICHARD JAY BLASKEY, an individual,<br><br>Defendant. | Adv. No.<br><br>ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS<br><br>(Hearing Date to be Set by Summons)<br><br>DEMAND FOR JURY TRIAL |

COMES NOW, each individually and together collectively, Plaintiff BARTON PROPERTIES, INC., a California corporation ("Barton"), and Plaintiff STEPHEN

1

SELINGER, an individual ("Selinger"), (collectively, and together, "Plaintiffs"), and allege as follows:

## JURISDICTION AND VENUE

1. This Court has original and exclusive jurisdiction over the matters in this complaint (the "Complaint") pursuant to 28 U.S.C. § 1334. The Complaint constitutes a proceeding that is a core matter pursuant to 28 U.S.C. § 157(b)(2).

2. The Complaint is an adversary proceeding commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. Specifically, the Complaint is an adversary proceeding filed in order to determine the dischargeability of a debt pursuant to Rule 7001(6).

3. The Complaint is related to an active Chapter 11 case before this Court. Such case is entitled "In re: RICHARD JAY BLASKEY" and is assigned the following case number: 8:11-bk-21187-ES. The Chapter 11 proceeding is pending before the U.S. Bankruptcy Court, Central District of California (Santa Ana Division).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1409. The Chapter 11 proceeding related to the Complaint is also currently pending before this Court.

## PARTIES

5. Plaintiff Barton does, and at all times mentioned in this Complaint did, maintain its principal place of business in the County of Los Angeles, State of California, with its principal place of business located at 2209 Banyan Drive, Los Angeles, CA 90049. Plaintiff Barton is a judgment creditor of Defendant Blaskey.

6. Plaintiff Selinger is an officer and member of Barton, and was also a victim of the conduct of Defendant discussed herein. Plaintiff Selinger is, and was at all times mentioned in this Complaint, a resident of the State of California, with his residence address

at 2209 Banyan Drive, Los Angeles, CA 90049. Plaintiff Selinger is a judgment creditor of Defendant Blaskey.

7. Plaintiffs are informed and believe that Defendant RICHARD JAY BLASKEY ("Blaskey" or "Defendant") is, and at all times mentioned in this Complaint was, a resident of the State of California, with his residence address at 17052 Lowell Circle, Huntington Beach, CA 92649. Plaintiffs are informed and believe that Defendant Blaskey currently maintains his principal place of business and office at 18141 Beach Boulevard, Suite 290, Huntington Beach, CA 92648. Defendant is a debtor who filed the Chapter 11 bankruptcy proceeding to which this Complaint is related. Plaintiffs are informed and believe that Defendant Blaskey is, and at all times mentioned in this Complaint was, a licensed attorney duly authorized to practice law in the State of California.

## SUMMARY OF FACTS

8. Plaintiffs incorporate herein each and every allegation contained in Paragraphs 1 through 9, inclusive and as stated above.

9. On or about January of 2004, Defendant was hired by Plaintiffs to represent them in certain lawsuits (hereinafter referred to as "Underlying Actions"). Thereafter, Defendant purported to act as attorneys for Plaintiffs and represent Plaintiffs in such underlying actions, and continued to demand and obtain monies from Plaintiffs based upon Defendant's fraud, false representations and deceitful conduct..

10. At various times, Defendant represented to Plaintiffs that he was very knowledgeable and competent in the areas of the law relating to the Underlying Actions. Based upon various ongoing representations made by Defendant, Plaintiffs justifiably trusted Defendant and also his purported competence, and Plaintiffs entrusted their complete

confidence in Defendant regarding the Underlying Actions. Plaintiffs also continued to remit monies to Defendant based upon these representations (later shown to be false) by Defendant.

11. Defendant intentionally failed to perform numerous legal services for and on behalf of Plaintiffs while continuously informing Plaintiff that Defendant was or had already conducted all such services. Specifically, Defendant made various misrepresentations of facts and also concealed material facts from Plaintiff with the intent to induce Plaintiffs to believe that the Underlying Actions were being timely and properly litigated. On numerous occasions, Defendant spoke with Selinger and informed him that Defendant had already performed and completed various legal services. Thereafter, in on or about January 2007, Defendant finally disclosed to Plaintiffs the truth that Defendant had not actually performed and completed such legal services as previously indicated by Defendant. Plaintiffs had reasonably and justifiably relied upon the false representations that Defendant had made to Plaintiffs that the legal services had been performed and completed, and Plaintiffs had unwittingly continued to pay monies to Defendant based on false representations, deceit and fraud. Defendant had also wrongfully appropriated monies from Defendant's trust account which were actually the property of Plaintiffs based upon Defendant's fraud, concealment and overall deceptive conduct.

12. At all times specified directly above, during which time Defendant concealed facts and also made the misrepresentations alleged above, Plaintiffs were unaware and ignorant of the existence of the facts concealed and the falsity of the representations made. Plaintiffs justifiably relied on Defendant in the absence of knowing the facts concealed and the falsity of the representations made by Defendant, and Plaintiffs were substantially damaged therewith, including (without limitation) by Plaintiffs paying monies and conveying

property to Defendant in reliance upon the fraud and deceit of Defendant and by having Plaintiffs' property being held in Defendant's client trust account wrongfully appropriated by Defendant as his own.

13.    As a direct and proximate result of the conduct of Defendant set forth above, Plaintiffs suffered substantial damages, based on Plaintiffs' reliance on Defendant's fraudulent and deceitful conduct. Furthermore, as the Fraud Lawsuit (as defined below) notes, Defendant's misconduct was willful, malicious and designed solely to injure Plaintiffs and to cause Plaintiffs to suffer physical, emotional and financial distress. In addition to improperly receiving monies and financial benefits from Plaintiffs as a result of Defendant's deceptive misconduct, Defendant also sought through his wrongdoing to intentionally and maliciously harm and injure Plaintiffs. In addition, Defendant acted with fraud, oppression and malice, and subjected each of the Plaintiffs to cruel and unjust hardship in conscious disregard of Plaintiffs' respective rights. In addition, each of the Plaintiffs suffered injuries as a result of the acts and omissions of Defendant, including, but not limited to, Defendant's fraud, misrepresentations, deceit and concealment of important facts known to Defendants, all of which were intended by Defendant to thereby deprive each of the Plaintiff of their respective legal rights and otherwise cause each of the Plaintiffs to suffer substantial harm and injuries.

14.    On or about January 8, 2008, a complaint was filed in the Superior Court of the State of California ("Superior Court") by Plaintiffs against Defendant alleging, *inter alia*, fraud and breach of fiduciary duty. Thereafter, on or about March 17, 2008, an errata complaint which corrected the first complaint (the "Fraud Lawsuit") was filed by Plaintiffs against Defendant. The Fraud Lawsuit alleged, among other things, that Defendant

perpetrated fraud and breached fiduciary duties to Plaintiffs, and as a result, improperly obtained monies and property from Plaintiffs. The Fraud Lawsuit also alleged that Defendant intended to, and did maliciously, cause injury and harm to Plaintiffs and their property.

15. After being served with the Fraud Lawsuit, Defendant requested multiple extensions of time to respond to the proceeding, but then failed to do so. Thereafter, Defendant engaged in repeated and successive bad faith delaying tactics in responding to or defending the Fraud Lawsuit. Defendant also petitioned for arbitration to decide the Fraud Lawsuit, and when granted the request for arbitration, Defendant failed to properly participate in the arbitration procedures. As a result of Defendant's continuous bad faith and misconduct in defending the Fraud Lawsuit, Defendant was ordered by the Superior Court to pay monetary sanctions, and Plaintiffs' counsel commenced the legal process for finding Defendant in contempt of the Superior Court.

16. Ultimately, after Defendant's repeated failures to properly defend the Fraud Lawsuit and participate in arbitration that he requested, and Defendant's overall frivolous conduct during the Fraud Lawsuit, Plaintiffs applied to the Superior Court for entry of a default judgment against Defendant, which judgment was granted and then entered against Defendant by the Superior Court on or about August 26, 2010. The total amount of the judgment so entered was $1,000,320.00 as of the date of entry of the judgment (Plaintiffs are entitled to recover post-judgment interest, attorney's fees and other costs, as provided by applicable laws of the State of California, and accordingly the amount of such judgment, and correspondingly the amount of the debt owed by Defendant to Plaintiffs, will continue to increase since the original date of the judgment.)

17. As the judgment was entered in August 2010, the statutory time period in the

State of California under which Defendant could file an appeal or otherwise attempt to void or reverse the judgment has duly expired. Accordingly, a final and non-appealable judgment has been rendered against Defendant in the Fraud Lawsuit. For the reasons set forth above, and even otherwise, the factual allegations of the Fraud Lawsuit against Defendant should be considered conclusively established as undisputed facts before this Court.

18. As alleged hereinabove, Defendant clearly received and exploited multiple opportunities (and multiple extensions of time) in which to defend the Fraud Lawsuit against him. The entry of default and the judgment resulting therefrom against Defendant were duly rendered by the Superior Court after Defendant had received countless opportunities to defend the Fraud Lawsuit, but nevertheless affirmatively (and repeatedly) chose not to do so.

FOR A FIRST CLAIM FOR RELIEF

UNDER 11 U.S.C. 523(a)(2)(A)

AGAINST DEFENDANT BLASKEY

19. Plaintiffs incorporate herein each and every allegation contained in Paragraphs 1 through 18, inclusive and as stated above.

20. Section 523(a)(2)(A) of the U.S. Bankruptcy Code specifies, in relevant part, that "[a] discharge under section…1141…does not discharge an individual debtor from any debt…for money, property, services…to the extent obtained by…false pretenses, a false representation, or actual fraud…". As specified hereinabove, Defendant should not receive a discharge under Chapter 11 for the debt owed to Plaintiffs as such debt resulted from money of Plaintiffs acquired through false pretenses, false representations and actual fraud. In particular, as the allegations hereinabove state, Defendant made false representations, perpetrated fraud and concealed and suppressed facts through deceitful conduct. Through

such fraud and deceit, Defendant improperly obtained monies and property from Plaintiffs. Therefore, the debt owed to Plaintiffs by Defendant is not dischargeable in Defendant's bankruptcy proceeding.

FOR A SECOND CLAIM FOR RELIEF

UNDER 11 U.S.C. 523(a)(4)

AGAINST DEFENDANT BLASKEY

21.  Plaintiffs incorporate herein each and every allegation contained in Paragraphs 1 through 20, inclusive and as stated above.

22.  Section 523(a)(4) of the U.S. Bankruptcy Code specifies, in relevant part, that "[a] discharge under section…1141…does not discharge an individual debtor from any debt…for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny…". As specified hereinabove, Defendant should not receive a discharge under Chapter 11 for the debt owed to Plaintiffs as such debt resulted from fraud or defalcation by Defendant while acting in fiduciary capacity for Plaintiffs. In particular, as the allegations hereinabove state, Defendant acted as counsel for Plaintiffs in a fiduciary capacity and obtained and retained monies for Plaintiffs in Defendant's trust account as a fiduciary for Plaintiffs. Accordingly the fraud or defalcation committed by Defendant occurred in a fiduciary capacity. Defendant also misappropriated for his own use funds that were held in Defendant's trust account that were intended to be held as property belonging to Plaintiffs. Defendant had never lawfully earned the right to appropriate such monies from Plaintiffs, yet Defendant took control and possession of such funds for his own use (i.e. similar to embezzlement), thus violating his fiduciary relationship with Plaintiffs. Therefore, the debt owed to Plaintiffs by Defendant is not dischargeable in Defendant's bankruptcy proceeding.

## FOR A THIRD CLAIM FOR RELIEF

## UNDER 11 U.S.C. 523(a)(6)

## AGAINST DEFENDANT BLASKEY

23. Plaintiffs incorporate herein each and every allegation contained in Paragraphs 1 through 22, inclusive and as stated above.

24. Section 523(a)(6) of the U.S. Bankruptcy Code specifies, in relevant part, that "[a] discharge under section…1141…does not discharge an individual debtor from any debt… for willful and malicious injury by the debtor to another entity or to the property of another entity…". As specified hereinabove, Defendant should not receive a discharge under Chapter 11 for the debt owed to Plaintiffs as such debt resulted from willful and malicious injury caused by Defendant to Plaintiffs and their respective property. In particular, as the Fraud Complaint alleged, and as is deemed established as conclusive pursuant to the default judgment against Defendant, Defendant was willful and malicious in causing injury and damage to Plaintiffs. Defendant intended to cause injury and damage to Plaintiffs. Therefore, the debt owed to Plaintiffs by Defendant is not dischargeable in Defendant's bankruptcy proceeding.

## DEMAND FOR JURY TRIAL

25. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Rule 9015 of the Federal Rules of Bankruptcy Procedure, LBR 9015-2 of the Local Rules of this Court, and any other applicable law, rule or regulation, Plaintiffs hereby demand a trial by jury in any and all matters and issues discussed in or pertaining to this Complaint, to the maximum extent permitted by applicable law, rule or regulation.

26. Plaintiffs hereby state that they consent to a jury trial conducted by this Court.

1 | Further, Plaintiffs hereby also consent to a trial by jury conducted by a bankruptcy judge of

2 | this Court pursuant to 28 U.S.C. § 157 and every other applicable law, rule or regulation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a final judgment to be entered by this Court as follows:

## ON EACH AND EVERY CLAIM FOR RELIEF

## AND ON ALL CLAIMS FOR RELIEF HEREIN

1. For judgment against Defendant that the debt owed to Plaintiffs (in the minimum amount of $1,000,320.00, which amount is subject to increase for all costs, fees and post-judgment interest and otherwise as provided by statutory law) is not dischargeable by Defendant in bankruptcy pursuant to 11 U.S.C. 523.

2. For judgment against Defendant that the aforementioned debt cannot be discharged in Defendant's current and active Chapter 11 bankruptcy proceeding.

3. For all costs of this Complaint and expenses in connection with this instant adversary proceeding between the parties.

4. For all reasonable attorneys' fees of Plaintiffs in connection with this Complaint and this instant adversary proceeding between the parties, to the maximum extent permitted by applicable law, rule or regulation.

5. For any and all other relief that this Court deems just and proper.

Respectfully submitted,

Dated: November 14, 2011    By: _____
ANTHONY A. PATEL
Attorney for Plaintiffs
BARTON PROPERTIES, INC.
STEPHEN SELINGER

ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS

FORM B104 (08/07)                                                                                      2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only)<br><br>**RECEIVED**<br>**NOV 14 2011**<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>By: _____ Deputy Clerk |
|---|---|
| **PLAINTIFFS**<br>Barton Properties, Inc., a California corporation<br>Stephen Selinger, an individual | **DEFENDANTS**<br>Richard Jay Blaskey, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Anthony A. Patel<br>763 Haverford Avenue, Pacific Palisades, CA 90272<br>(310) 709-4338 | **ATTORNEYS** (If Known)<br>Matthew E. Faler, Law Offices of Matthew E. Faler<br>17330 Brookhurst Street, Suite 240, Fountain Valley, CA 92708<br>(714) 465-4433 |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to Determine Dischargeability of certain debts pursuant to Section 523. Cause of Action is based upon (i) false pretenses, false representations and fraud of Defendant in incurring the debt owed to Plaintiffs; (ii) fraud perpetrated by Defendant while acting as a fiduciary; and (iii) willful and malicious injuries inflicted by Defendant upon Plaintiffs.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[1] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[2] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
[3] 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et. seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 1,000,320.00 |

**Other Relief Sought**
Judgment that debt owed to Plaintiffs is not dischargeable by Defendant.
Judgment that debt owed to Plaintiffs cannot be discharged in the currently active bankruptcy proceeding of Defendant.
Costs of suit and reasonable attorneys' fees, as permitted by law.

FORM B104 (08/07), page 2                                                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| **NAME OF DEBTOR** <br> RICHARD JAY BLASKEY | **BANKRUPTCY CASE NO.** <br> 8:11-bk-21187 |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California | **DIVISIONAL OFFICE** <br> Santa Ana Division |
| | **NAME OF JUDGE** <br> The Hon. Erithe Smith |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

*[signature]*

| DATE <br> 11/14/11 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Anthony A. Patel, Attorney for Plaintiffs |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.